IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD NORWOOD,

    Petitioner,                    No. 2:09-cv-1888-GEB-JFM (HC)

    vs.

KEN CLARK,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.

I. <u>Statute of Limitations</u>

        Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  The following facts are relevant to the statute of limitations analysis.

1. On September 28,2 005, petitioner was sentenced to 50 years to life in prison following his April 23, 2004 conviction on charges of first degree murder.

2. On December 22, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment.

3. On January 16, 2007, petitioner filed a petition for review in the California Supreme Court.  The petition was denied on April 11, 2007.

4. On March 10, 2008, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[1]  The petition was denied on April 22, 2008.

5. On June 2, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  That petition was denied on July 10, 2008.

/////

---

[1] Respondent has presented evidence that this petition was delivered to prison officials for mailing on March 10, 2008, which is therefore deemed the filing date for this petition.  See Houston v. Lack, 487 U.S. 266 (1988).

6. On May 7, 2009, a petition for writ of habeas corpus from petitioner was received in the California Supreme Court. It was file stamped in that court on May 15, 2009. That petition was denied by order filed October 14, 2009. <u>See</u> Docket (Register of Actions), California Supreme Court Case Number S172975.[2]

7. On July 5, 2009, petitioner signed and dated the petition filed in the instant action.

The statute of limitations started to run on petitioner's federal habeas corpus claims on July 11, 2007, when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). As a general rule, a habeas petitioner is entitled to statutory tolling during a full round of review in the state courts, including the time between a lower court decision and the filing of a petition at the next level as long as those intervals are "reasonable." <u>Carey v. Saffold</u>, 536 U.S. 214, 223-224 (2002). A unexplained delay of more than six months is unreasonable. <u>See</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 201 (2006). In the instant case, the limitation period ran for two hundred forty-three days before petitioner filed his first state habeas corpus petition on March 10, 2008. The limitation period was tolled from March 10, 2008 until July 10, 2008, when the state court of appeal denied the petition for writ of habeas corpus filed in that court. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999) (statute of limitations tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.") Thereafter, petitioner waited almost ten months before filing a petition for writ of habeas corpus in the California Supreme Court. Petitioner has tendered no explanation for that delay.[3] Accordingly, the limitation period

---

[2] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[3] The only explanation petitioner offers for any delay in this case is a delay caused by the alleged October 2007 loss of his legal material by prison officials. <u>See</u> Motion for Equitable Tolling, filed July 10, 2009, at 2. That does not explain the delay that followed disposition of

3

was not tolled during the interval that began on July 11, 2008 and it expired one hundred twenty-two days later, on November 10, 2008, before petitioner filed his state supreme court petition. Therefore, unless petitioner can demonstrate entitlement to equitable tolling, this action is time barred.

As noted above, petitioner contends that he is entitled to equitable tolling due to the loss of his legal material by prison officials on October 12, 2007. Even assuming arguendo that petitioner is entitled to equitable tolling based on the loss of his legal material, the maximum period for which he would be entitled to such tolling is one hundred fifty days, the number of days from October 12, 2007 until March 10, 2008, when he filed his first state habeas corpus petition. Even with that period of tolling, the limitation period expired on April 9, 2009,[4] approximately one month before petitioner filed his state supreme court petition.

For the foregoing reasons, this action is barred by the statute of limitations and should therefore be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 30, 2009 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

---

petitioner's petition for writ of habeas corpus to the state court of appeal.

[4] One hundred fifty days plus one hundred twenty-two days from July 11, 2008 is April 9, 2009.

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 29, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
norw1888.mtd